Filed 10/24/13  Mirabadi v. Bazikian CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| PARVIN A. MIRABADI, | B244085 |
| Plaintiff and Respondent. | (Los Angeles County Super. Ct. No. LS022966) |
| v. | |
| JACQUELINE BAZIKIAN, | |
| Defendant and Appellant, | |

APPEAL from an order of the Superior Court of Los Angeles County,

Leland B. Harris, Judge.  Dismissed as moot.

Jacqueline Bazikian, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Jacqueline Bazikian appeals from a restraining order entered against her in a civil harassment proceeding brought by Parvin Mirabadi. The restraining order expired in August 2013. We will accordingly dismiss the appeal as moot.

## FACTUAL AND PROCEDURAL BACKGROUND

Mirabadi performed liposuction on Bazikian on July 20, 2005. Bazikian subsequently complained that Mirabadi caused "nerve damage" in her arms and filed a malpractice action against Mirabadi and a separate lawsuit against the anesthesiologist who assisted with the surgery. The actions were dismissed.[1] Bazikian proceeded to send letters to Mirabadi and a member of her staff threatening them with criminal prosecution.

On June 26, 2012, Mirabadi initiated this civil harassment proceeding under Code of Civil Procedure section 527.6 in which she requested orders to stop Bazikian from harassing her and her staff. The court issued a temporary restraining order and notice of hearing. After a hearing on August 6, 2012, the court issued a permanent restraining order for the period of one year restraining Bazikian from harassing Mirabadi and two of her employees.

Bazikian moved for reconsideration of the order. The court denied the motion on the grounds that there was "clear and convincing evidence that Bazikian ha[d] engaged in a years long campaign of harassment . . . directed toward Dr. Mirabadi," that Bazikian had threatened Mirabadi and her staff, and that she had "repeatedly state[d],

---

[1] Bazikian also filed a complaint with the Department of Consumer Affairs' Medical Board; however, the record does not show how the complaint was resolved.

'You can not stop me[]' . . . [t]hereby evidencing that unless otherwise restrained by the Court, Bazikian w[ould] continue on her long established and continuing course of conduct." Bazikian timely appealed.

## DISCUSSION

The appeal is moot because the order restraining Bazikian expired on August 6, 2013. (See, e.g., *Environmental Charter High School v. Centinela Valley Union High School District* (2004) 122 Cal.App.4th 139, 144 ["If relief granted by the trial court is temporal, and if the relief granted expires before an appeal can be heard, then an appeal by the adverse party is moot. [Citation.]"].)

*DISPOSITION*

The appeal is dismissed.  Respondent shall recover her costs, if any, on appeal.

*NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS*

CROSKEY, Acting P. J.

WE CONCUR:

KITCHING, J.

ALDRICH, J.